**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1117n.06

**Case No. 11-4149**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Oct 30, 2012*

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| BARBARA K. THOMPSON; MARLIN THOMPSON,       Plaintiffs-Appellants, <br><br> v. <br><br> SUNBEAM PRODUCTS, INC.; SIMATELEX MANUFACTURING CO.; WAL-MART STORES, INC.; JARDEN CONSUMER SOLUTIONS; JOHN DOE CORPORATION 1-3; JOHN DOE 1-3, <br><br>       Defendants-Appellees. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |

**BEFORE:  BATCHELDER, Chief Circuit Judge; COLE, Circuit Judge; ROSEN, Chief District Judge.**[*]

**ALICE M. BATCHELDER, Chief Judge.**  Barbara Thompson injured her left-hand ring finger when she attempted to push in a moving beater on a hand mixer.  She believes that inadequate warnings caused her injury, so she sued the mixer's manufacturer, Sunbeam Products, Inc. ("Sunbeam"), alleging several Ohio product liability claims, including an inadequate warning claim. After Sunbeam removed the case to federal district court, the court granted summary judgment in favor of Sunbeam on all Thompson's claims.  We affirm.

---

[*]The Honorable Gerald E. Rosen, Chief United States District Court Judge for the Eastern District of Michigan, sitting by designation.

Thompson purchased the Sunbeam hand mixer from her local Wal-Mart on October 10, 2007. Eager to test her new purchase, Thompson opened the package, "skimmed" the instruction booklet which included the safety warnings, inserted the beaters, and plugged in the mixer. The beaters immediately began to rotate, and Thompson noticed that one of the beaters began to fall out. She "reflexively" reached her hand toward the beaters and attempted to push the beater back into place with the palm of her hand. Her finger became caught between the moving beaters and was nearly severed. Eventually, Thompson's finger required amputation.

Thompson believes that when she attempted to push the beater back into the mixer with her hand, the beater caught the ring she was wearing on her ring finger and pulled the finger into the pinch point of the beaters. She claims that the mixer was defective because the instruction manual did not have a warning specifically articulating the dangers of operating the mixer while wearing jewelry, which would have prevented her injury. The instruction booklet did, however, instruct users to unplug the mixer before inserting any attachments and to keep "hands, hair, clothing, as well as spatulas and other utensils away from beaters during operation to reduce the risk of injury." Moreover, a capital-letter warning on the mixer read, "Caution: Unplug before inserting or removing parts." The district court granted summary judgment to Sunbeam because there was no evidence that Thompson's ring contributed to or exacerbated her injury, but that even if it had, the warning to keep hands away from the beaters while the mixer was operating was adequate, and no other warning would have prevented Thompson's reflexive reaction of pushing in the beater.

After carefully reviewing the record, the settled law, the parties' briefs, and the oral arguments on appeal, we conclude that the district court's order and opinion correctly sets out the

applicable law and correctly applies that law to the facts in the record.  Because we see no reason to either add to or elaborate on the district court's opinion, the issuance of a full written opinion would serve no useful purpose.  Accordingly, for the reasons stated in the district court's well-reasoned opinion, we **AFFIRM** the judgment of the district court.